UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY PAPAPIETRO, | : | **3:22-CV-01624** |
| | : | |
| Plaintiff, | : | (Magistrate Judge Schwab) |
| | : | |
| v. | : | |
| | : | |
| THE BANK OF NEW YORK MELLON, *f/k/a The Bank of New York as Successor in interest to JP Morgan Chase Bank, N.A. as Trustee for the Benefit of the Certificate Holders of Popular ABS, Inc. Mortgage Pass-Through Certificate Series 2005-4, by its attorney-in-fact Ocwen Loan Servicing, et al.*, | : | |
| | : | |
| Defendants. | : | |

**<u>ORDER</u>**

March 29, 2023

On March 3, 2023, Papapietro filed a document tilted "Notice of Motion to Amend Complaint." *Doc. 11*. In this court, filing such a notice is not proper procedure.[1] We have previously informed Papapietro that an application to the

---

[1] Papapietro cites Rule 3025 of New York's Civil Practice Law and Rules. That rule and other New York state-court rules are not applicable in this case. The Federal Rules of Civil Procedure govern this case. The Local Rules of this Court also govern this case. The Standing Practice Order (*doc. 5*) sets forth some of those rules. The complete Local Rules of this Court are available on the Court's website: https://www.pamd.uscourts.gov/court-info/local-rules-and-orders.

court for an order must be made by a motion. *See docs. 8, 10.* Although Papapietro titled his document as "Notice of Motion to Amend Complaint," in this one instance, we will construe Papapietro's notice as a motion. Papapietro has not, however, filed a brief in support of that motion.

> Local Rule 7.5 provides:
>
> Within fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion. If the motion seeks a protective order, a supporting brief shall be filed with the motion. If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn. A brief shall not be required: (a) In support of a motion for enlargement of time if the reasons for the request are fully stated in the motion, (b) In support of any motion which has concurrence of all parties, and the reasons for the motion and the relief sought are fully stated therein, or (c) In support of a motion for appointment of counsel.

Because Papapietro has not filed a brief in support of his motion to amend, that motion will be deemed withdrawn.

For Papapietro's benefit we note one last time that pursuant to the Federal Rules of Civil Procedure, an application to the court for an order must be made by a written motion "unless made during a hearing or trial." Fed. R. Civ. P. 7(b)(1)(A). And a motion must "state with particularity the grounds for seeking the order" and "state the relief sought." Fed. R. Civ. P. 7(b)(1)(B)–(C). A motion must contain the "caption with the court's name, a title, a file number," and be titled as a motion. Fed. R. Civ. P. 7(b)(2), Fed. R. Civ. P. 10(a). The caption is

what is at the top of this order.  We also note that a motion should be a short document in which the litigant requests the relief that he is seeking.  With limited exceptions, a brief is required to be filed in support of a motion. *See* M.D. Pa. L.R. 7.5.  A brief in support of a motion is a separate document from the motion and should be entitled or captioned as a brief in support of the motion.  In a brief, a litigant sets forth his arguments for why he should be granted the relief requested in the motion.

Because Papapietro has not filed a brief in support of his motion to amend, **IT IS ORDERED** that Papapietro's motion (*doc. 11*) to amend is deemed **WITHDRAWN**.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge