**NEWMAN | WILLIAMS**
A PROFESSIONAL CORPORATION

| | |
|---|---|
| BY: GERARD J. GEIGER, ESQUIRE<br>IDENTIFICATION NO. 44099<br>LAW OFFICES<br>712 MONROE STREET<br>P.O. BOX 511<br>STROUDSBURG, PA 18360-0511<br>(570) 421-9090 (voice)<br>(570) 424-9739 (fax)<br>ggeiger@newmanwilliams.com | Attorney for Defendants: Alexander Papadopoulos,<br>Misail Papadopoulos and Evangelia Papadopoulos |

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY PAPAPIETRO<br>          Plaintiff,<br>v.<br>THE BANK OF NEW YORK MELLON et al.,<br>          Defendants | NO. 3:22-CV-01624-SES<br><br>CIVIL ACTION<br><br>JURY TRIAL DEMANDED |

# Brief in Opposition to Plaintiff's Motion to Amend Complaint By Defendants, Alexander Papadopoulos, Misail Papadopoulos and Evangelia Papadopoulos

## I. Procedural History

On October 17, 2022, plaintiff filed his pro se complaint (Doc. No. 1).

On March 7, 2023, Alexander Papadopoulos filed a motion to dismiss (Doc. No. 15) and a supporting brief.

On April 18, 2023, Misail and Evangelia Papadopoulos also filed a motion to dismiss (Doc. No. 39) and a supporting brief (Doc. No. 40).

1

Litton Loan Service and Wilmington Finance also have motions to dismiss pending.

On April 20, 2023, plaintiff moved to amend his complaint. (Doc. No. 42) and filed a supporting brief on May 1, 2023 (Doc. No. 49).

## II.   Facts

On June 15, 2005, Papapietro and his now deceased father, Rocco Papapietro, purchased a $507,000 home from defendants, Misail and Evangelia Papadopoulos. The Papadopoulos's son, Alexander, who had power of attorney, signed all the closing documents on behalf of his parents.

Plaintiff financed 80% of the purchase price with a loan from Wilmington Finance, in the amount of $405,600.

Eighteen years later, plaintiff wants to sue everyone involved in the sale claiming he suddenly discovered, almost two decades later, that there were irregularities in the closing documents for his half million-dollar home.

He sues the Papadopoulos family because he just noticed that someone, other than him, certified that his address was "48 Orange Avenue, Staten Island, NY 10302." In fact, that was his correct address, but

he claims fraud because he was not the person who certified the correct address. He admits he does not know who signed the address certification[1] but wants money from the sellers.

He also sues his lenders who had filed foreclosure proceedings against him in the Monroe County Court of Common Pleas for excessive charges after he defaulted on his mortgage payments. He negotiated a mortgage modification agreement with his lender, which is noted on the Monroe County docket[2], but in an apparent attempt to disavow that agreement, also wants money from his lenders.

In a further attempt to disavow the mortgage modification agreement, he now wants to sue Attorney Robert Williams as a defendant. He was the lawyer who prosecuted the foreclosure action in Monroe County. He claims Williams is liable because the deed description in the foreclosure action does not match the description in his 2005 deed. It appears that the difference between the descriptions is that Attorney Williams noted that Rocco Papapietro died, vesting complete title in Anthony's name--a true statement.

---

[1] He alleges: "Plaintiff does not know whose signature this is and who signed it on his behalf." Complaint (Doc. No. 2), at p.36.
[2] The Monroe County docket entries are publicly available for review and downloading, without charge, at

### III. Issue

Plaintiff asks for leave to amend his complaint to add Attorney Robert Williams as a defendant. Should the court deny the amendment as futile because:

A. The proposed amendment does not state a cause of action against Attorney Williams; and

B. Plaintiff failed to follow the requirements in LR 56.1 by including a proposed amended complaint?

### IV. Argument

A.   Futility of Plaintiff's Amendment

The court should deny Papapietro's motion to amend because the amendment he proposes does not state a cause of action.

Under Rule 15(a), futility of amendment is a sufficient basis to deny leave to amend."[3] *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175 (3d Cir. 2010). "Futility 'means that the complaint, as amended, would fail to state a claim upon which relief could be granted.'"

---

https://public-prod.43rdjdpacivilcms.us/case/aad545319c833c4d80f34af308c60cc70e2af168de18b67b8a6e1cdbf92a3502

[3] Plaintiff makes references to Pennsylvania state court procedural rules,

Id. (quoting *In re Merck & Co. Sec., Derivative & ERISA Litig.*, 493 F.3d 393, 400 (3d Cir. 2007)). Thus, in determining whether an amendment would be futile, the court applies the same standard in determining whether a complaint fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). Id. In other words, "[t]he District Court determines futility by taking all pleaded allegations as true and viewing them in a light most favorable to the plaintiff." Id. (quoting *Winer Family Trust v. Queen*, 503 F.3d 319, 330-31 (3d Cir. 2007)); *Smith v. Myers*, No. 1:22-CV-00343, 2022 U.S. Dist. LEXIS 197633, at *26 (M.D. Pa. Oct. 31, 2022) (Schwab, M.J.)

Attorney Williams' "misconduct" is noting in the deed description in the foreclosure case that plaintiff's father died, leaving title solely in the name of Anthony. There is no dispute that this is the case and should this property ever be conveyed to a third party, the deed from plaintiff must necessarily state that for title purposes. Noting the death of Rocco is necessary to reflect that his signature on a deed of transfer is unnecessary.

To the extent there were any procedural errors in the foreclosure case, plaintiff waived those by entering into a mortgage modification agreement with his lender.

---

not applicable in his federal cause of action.

5

Finally, even if there had been a fraud committed, which is a fanciful claim, plaintiff has no federal cause of action against the lawyer of an adverse party. *Edwards v. Philadelphia*, Civil Action No. 88-1420, 1989 U.S. Dist. LEXIS 8819, at *9 (E.D. Pa. July 27, 1989); The adverse party could potentially join their lawyer, but plaintiff has no direct cause of action against Mr. Williams.

In summary, Plaintiff's proposed amendment and his original complaint implicates Rule 11. His claims are entirely frivolous as is his proposed amendment. Further amendments only delay what we hope will be the dismissal of this claim.

### B.     Plaintiff's Failure to Comply with Local Rule 15.1

The court should also deny plaintiff's motion to amend because he failed to attach his proposed amended complaint to his motion as well as a redline version of the amendment, as required by Local Rule 15.1.

LR 15.1 provides:

"LR 15.1 Amended Pleadings.

(a) Proposed amendment to accompany the motion.

When a party files a motion requesting leave to file an amended pleading, the proposed amended pleading must be retyped or reprinted so that it will be complete in itself including exhibits and shall be filed on paper as a separate document or, in the

Electronic Filing System, as an attachment to the motion. If the motion is granted, the clerk shall forthwith file the amended pleading. Unless otherwise ordered, an amended pleading that does not add a new defendant shall be deemed to have been served for the purpose of determining the time for response under Fed. R. Civ. P. 15(a), on the date the court grants leave for its filing. A party granted leave to amend its pleading, when the amended pleading would add a new defendant, shall file and effect service of the amended pleading within thirty (30) days after the date of the Order granting leave for its filing.

(b) Highlighting of amendments.

The party filing the motion requesting leave to file an amended pleading shall provide: (1) the proposed amended pleading as set forth in subsection (a) of this rule, and (2) a copy of the original pleading in which stricken material has been lined through and any new material has been inserted and underlined or set forth in bold-faced type."

The rule is obviously designed to assist the court in deciding if the amended pleading is futile. While courts are generally more patient with pro se litigants in complying with the local rules, that patience is unwarranted when a plaintiff pursues what is clearly a frivolous cause of action.

## V.  Conclusion

The Papadopoulos defendants ask the court to deny plaintiff's motion for leave to amend and that their motions to dismiss, filed earlier, be granted and plaintiff's complaint be dismissed.

                                        NEWMAN|WILLIAMS

                                By: _____
                                        Gerard J. Geiger, Esq.
                                            Attorney I.D. # PA44099

Date: May 2, 2023

Certificate of Service

I hereby certify that on this date, a copy of this document was served on pro se plaintiff by first class prepaid mail at the address:

Anthony Papapietro
48 Orange Avenue
Staten Island, NY 10302

All other parties' attorneys were served via the Court's ECF system.

NEWMAN|WILLIAMS

By: _____
Gerard J. Geiger, Esq.
Attorney I.D. # PA44099

Date: May 2, 2023