UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY PAPAPIETRO, | : | 3:22-CV-01624 |
| | : | |
| Plaintiff, | : | (Magistrate Judge Schwab) |
| | : | |
| v. | : | |
| | : | |
| THE BANK OF NEW YORK | : | |
| MELLON, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

## I. Introduction.

Plaintiff Anthony Papapietro ("Papapietro") alleges violations of federal and state law in connection with the origination and servicing of a mortgage loan. Papapietro names as a defendant in his amended complaint The Bank of New York Mellon f/k/a/ The Bank of New York as Successor-in-Interest to JP Morgan Chase Bank, N.A. as Trustee for Benefit Holders of Popular ABS, Inc. Mortgage Pass-Through Certificate Series 2005-4, by its Attorney-in-fact Ocwen Loan Servicing, LLC ("the Bank of New York Mellon"). Presently before the court is the Bank of New York Mellon's motion to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, we will dismiss the case pursuant to Fed. R. Civ. P. 41(b) and dismiss the pending motion to dismiss as moot.

## II.  Background and Procedural History.

On October 17, 2022, Papapietro commenced this action pro se by filing a complaint against several defendants, including the Bank of New York Mellon. *Doc. 1.*  On November 1, 2023, the Bank of New York Mellon filed its first motion to dismiss. *Doc. 65.*  On March 28, 2024, we granted that first motion to dismiss, as well as the motions to dismiss filed by the other defendants, but we gave Papapietro leave to amend regarding his Real Estate Settlement Procedures Act ("RESPA") (12 U.S.C. § 2601 et seq.) claim against the Bank of New York Mellon. *Doc. 77.*

On April 30, 2024, Papapietro filed his amended complaint. *Doc. 78.*  The Bank of New York Mellon then filed its second motion to dismiss. *Doc. 81.*  We ordered Papapietro to file a brief in opposition by June 12, 2024. *Doc. 83.*  He did not file a brief in opposition.  But on July 23, 2024, Papapietro filed a letter regarding his diminished ability to file a brief in opposition due to his worsening blindness, but he stated that he would "be able to submit [the brief in opposition] by July 25, 2024." *Doc. 84* at 1.  Papapietro still did not, however, file a brief in opposition.  After receiving no further filings from Papapietro, we ordered Papapietro to show cause by October 4, 2024 why this action should not be dismissed pursuant to Fed. R. Civ. P. 41(b). *Doc. 85.*  To date, Papapietro has not responded to the show-cause order.

The following facts come from the amended complaint. Papapietro alleges that on June 20, 2005, he "and his father, now deceased, executed a promissory note in the amount of $405,600 and obtained a mortgage loan from Wilmington for the property located at 413 Edgemont Road, Stroudsburg, Pennsylvania." *Doc. 78* at 2. He then alleges that, on September 1, 2011, Ocwen Loan Servicing Company "began servicing the loan" and, at some point, transferred the loan to the Bank of New York Mellon. *Id.* Papapietro alleges that he was not notified of this "transfer of assignment[,]" which he claims was "a violation of RESPA." *Id.* at 2–3.

On July 30, 2012, the Bank of New York Mellon "commenced a Mortgage Foreclosure Action against [him] in the Court of Common Pleas for Monroe County, Pennsylvania." *Id.* Papapietro alleges, however, that the Bank of New York Mellon "lacks standing to file for said foreclosure." *Id.* at 3. He also alleges that the Bank of New York Mellon is in violation of RESPA, "failed to provide [him] with disclosures detailing the loan servicing and escrow account statement[,]" "failed to provide a comprehensive list of all charges and fees related to the loan to preclude the imposition of undisclosed or hidden charges on [him,]" and did not "offer [him] alternative options other than [f]oreclosure[.]" *Id.* at 2–4.

Due to the alleged violations of RESPA by the Bank of New York Mellon, Papapietro asserts, he "has suffered damages such as out of pocket expenses and

emotional distress due to the attempted foreclosure of his family home[.]" *Id.* at 4. Papapietro, therefore, seeks "damages for the violations of RESPA." *Id.*

### III. Pleading and Motion-to-Dismiss Standards.

In accordance with Fed. R. Civ. P. 12(b)(6), the court may dismiss a complaint for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss under Rule 12(b)(6) "[w]e must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether [the] plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010). In making that determination, we "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the [plaintiff's] claims are based upon these documents." *Id.* at 230.

"A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a)." *I.H. ex rel. D.S. v. Cumberland Valley Sch. Dist.*, 842 F. Supp. 2d 762, 769–70 (M.D. Pa. 2012). "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The statement required by

4

Rule 8(a)(2) must give the defendant fair notice of the nature of the plaintiff's claim and of the grounds upon which the claim rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required, but more is required than "labels," "conclusions," or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to 'show' such an entitlement with its facts." *Id.*

In considering whether a complaint fails to state a claim upon which relief can be granted, the court "'must accept all facts alleged in the complaint as true and construe the complaint in the light most favorable to the nonmoving party.'" *Krieger v. Bank of Am.*, N.A., 890 F.3d 429, 437 (3d Cir. 2018) (quoting *Flora v. Cty. Of Luzerne*, 776 F.3d 169, 175 (3d Cir. 2015)). But a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). A court also need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Following *Twombly* and *Iqbal*, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, it must recite factual allegations

sufficient to raise the plaintiff's claimed right to relief beyond the level of mere

speculation.  In practice, consideration of the legal sufficiency of a complaint

entails a three-step analysis:

> First, the court must "tak[e] note of the elements a
> plaintiff must plead to state a claim."  Second, the court should
> identify allegations that, "because they are no more than
> conclusions, are not entitled to the assumption of truth."
> Finally, "where there are well-pleaded factual allegations, a
> court should assume their veracity and then determine whether
> they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp*., 629 F.3d 121, 130 (3d Cir. 2010) (footnote and

citations omitted) (quoting *Iqbal*, 556 U.S. at 675, 679).

A complaint filed by a pro se litigant is to be liberally construed and

"'however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers.'" *Erickson*, 551 U.S. at 94 (quoting *Estelle v.*

*Gamble*, 429 U.S. 97, 106 (1976)).  Nevertheless, "pro se litigants still must allege

sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina,*

*Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).


## IV.  Discussion.

Under the Local Rules of the Middle District of Pennsylvania, Papapietro

should be deemed not to oppose the Bank of New York Mellon's motion.  Further,

upon consideration of the *Poulis* factors, dismissal of the case is warranted.  Thus,

we will dismiss the case pursuant to Fed. R. Civ. P. 41(b) and dismiss the pending motion to dismiss as moot.

### A.  Local Rule 7.6.

At the outset, under the Local Rules of this court, Papapietro should be deemed not to oppose the Bank of New York Mellon's motion to dismiss because he has failed to oppose this motion.  Local Rule 7.6 imposes an affirmative duty on a litigant to respond to motions and provides that "[a]ny party who fails to comply with this rule shall be deemed not to oppose such motion." M.D. Pa. L.R. 7.6.  At the time the case was filed, Papapietro received a standing practice order containing excerpts of some of the court's local rules, which set forth his obligations with respect to responding to motions. *See doc. 5.*

Here, Papapietro has not complied with Local Rule 7.6, nor has he shown cause, after being ordered to do so, why this case should not be dismissed.  These procedural defaults compel us to consider:

> [A] basic truth: we must remain mindful of the fact that "the Federal Rules are meant to be applied in such a way as to promote justice. *See* Fed. R. Civ. P. 1.  Often that will mean that courts should strive to resolve cases on their merits whenever possible.  However, justice also requires that the merits of a particular dispute be placed before the court in a timely fashion. . . ."

*Lease v. Fishel*, 712 F. Supp. 2d 359, 371 (M.D. Pa. 2010) (quoting *McCurdy v. American Bd. of Plastic Surgery*, 157 F.3d 191, 197 (3d Cir. 1998)).

With this basic truth in mind, a fundamental guiding tenet of our legal system must be acknowledged.  A failure on our part to enforce compliance with the rules, and impose the sanctions mandated by those rules when the rules are repeatedly breached, "would actually violate the dual mandate which guides this court and motivates our system of justice: 'that courts should strive to resolve cases on their merits whenever possible [but that] justice also requires that the merits of a particular dispute be placed before the court in a timely fashion.'" *Id.*  Therefore, the court is obliged to ensure that one party's refusal to comply with the rules does not lead to an unjustified prejudice to those parties who follow the rules.

Such basic principles of fairness apply here.  In this case, Papapietro has failed to comply with Local Rule 7.6 by failing to file a brief in opposition to the pending motion to dismiss.

Nevertheless, Papapietro's failure to file a brief in opposition alone is not sufficient for the court to dismiss the case.  In *Stackhouse v. Mazurkiewicz*, the Third Circuit reversed a district court's dismissal based on the pro se plaintiff's failure to file a brief in accordance with a local rule of court. *See Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991).  The Third Circuit stated that failure to obey the local rule should not form the basis for dismissal without an analysis of

8

the merits of the case. *Id*.  It noted that dismissal was not to be ruled out if the party was represented by an attorney and in fact did not oppose the motion. *Id.*  It also noted: "Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked.  Thus, our holding is not broad." *Id.*

Although this caveat from the *Stackhouse* case might suggest that the court could grant the pending motion based on Papapietro's failure to file a brief in opposition, the Third Circuit has subsequently declined "to adopt an interpretation of *Stackhouse* under which a district court may dismiss a case solely because a plaintiff misses a briefing deadline set forth in a local rule or court-ordered briefing schedule." *Hernandez v. Palakovich*, 293 F. App'x 890, 895 (3d Cir. 2008).  Rather, the Third Circuit has held that before dismissing a case as a sanction for failure to follow a court rule or court order, a court must consider the factors set forth in the seminal *Poulis* case. *Id*. at 894 (citing *Poulis v. State Farm Fire and Casualty Co*., 747 F.2d 863, 868 (3d Cir. 1984)); *see also Shuey v. Schwab*, 350 F. App'x 630, 633 (3d Cir. 2009) ("*Poulis* has been cited too often and is too deeply ingrained in the jurisprudence of this court and the district courts of this circuit for a court to assume that a party's failure to respond to a motion to dismiss can be regarded as an abandonment of the claim.").  As such, the *Poulis* factors must be considered here as well.

### B. The *Poulis* factors.

Upon consideration of the *Poulis* factors, however, we conclude Papapietro has failed to prosecute this action, and rather, has abandoned this action. Thus, we will dismiss this action pursuant to Fed. R. Civ. P. 41(b).

The court may dismiss an action under Fed. R. Civ. P. 41(b) if the plaintiff fails to prosecute a case or to comply with court rules or court orders. Even though dismissal is an available sanction, it is a drastic sanction that "should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." *Donnelly v. Johns-Manville Sales Corp*., 677 F.2d 339, 342 (3d Cir. 1982). In other words, "cases should be decided on the merits barring substantial circumstances in support of the contrary outcome." *Hildebrand v. Allegheny Cty*., 923 F.3d 128, 132 (3d Cir. 2019).

Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the court and will not be disturbed absent an abuse of that discretion. *See Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002). But that discretion, while broad, is governed by the following factors, commonly referred to as the *Poulis* factors, which the court must balance in deciding whether to dismiss a case:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney

was willful or in bad faith; (5) the effectiveness of sanctions
other than dismissal, which entails an analysis of alternative
sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis*, 747 F.2d at 868. "The court should consider all six factors but need not

find all six to award sanctions." *United States v. Brace*, 1 F.4th 137, 143 (3d Cir.

2021). And no single factor is dispositive. *See Briscoe v. Klaus*, 538 F.3d 252, 263

(3d Cir. 2008). Thus, we will analyze each factor in turn.

The first *Poulis* factor is the extent of the party's personal responsibility. In

general, a pro se litigant is personally responsible for failure to comply with the

court's rules and orders. In this case, because Papapietro is proceeding pro se, he

is responsible for his own failure to litigate this case.

The second *Poulis* factor is prejudice to the adversary. Examples of

prejudice are "the irretrievable loss of evidence, the inevitable dimming of

witnesses' memories, or the excessive and possibly irremediable burdens or costs

imposed on the opposing party." *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d

Cir. 1984). Prejudice for purposes of the *Poulis* analysis, however, does not mean

irremediable harm. *Ware v. Rodale Press, Inc*., 322 F.3d 218, 222 (3d Cir. 2003).

Rather, "the burden imposed by impeding a party's ability to prepare effectively a

full and complete trial strategy is sufficiently prejudicial." *Id.*

Here, Papapietro's failure to litigate this case and comply with court rules

frustrates and delays resolution of this action. Although the Bank of New York

Mellon was previously in default for not responding to the original complaint, it has been timely in all of its filings since (*see, e.g., docs. 56, 58, 61, 65, 66, 67, 75, 79, 81, 82*) and is seeking a timely resolution of this action (*see doc. 82* at 8).  In contrast, Papapietro has not filed anything for months, despite several orders from the court.  As a result, such failure to litigate can be seen to prejudice the Bank of New York Mellon.

Relatedly, the third *Poulis* factor is a history of dilatoriness.  While "conduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness,'" *Briscoe*, 538 F.3d at 261, "[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders[.]" *Adams v. Trs. of N.J. Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994).  A "party's problematic acts must be evaluated in light of [his] behavior over the life of the case." *Id*. at 875.

In this case, Papapietro has a history of dilatoriness.  He failed to comply with Local Rule 7.6, and he failed to file a brief in opposition to Bank of New York Mellon's motion to dismiss, even after the court ordered him to do so.  Although he filed a letter on July 23, 2024 addressing why his brief in opposition was not filed by the court's deadline, Papapietro stated in that letter that he would "be able to submit [the brief in opposition] by July 25, 2024." *Doc. 84* at 1.  Yet

nothing was filed by Papapietro by or on July 25, 2024. Moreover, on September 9, 2024, we filed an order for Papapietro to show cause by October 4, 2024, warning him that if he failed to show cause, we may deem him to have abandoned this lawsuit. *See doc. 85* at 2. Yet Papapietro failed to respond to the court's show-cause order as well. Thus, Papapietro has a history of dilatoriness.

The fourth *Poulis* factor is whether the conduct was willful or in bad faith. "Willfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 875. Here, Papapietro has failed to respond to the motion to dismiss or to respond to the show-cause order of the court. These failures, therefore, lead to an inference that Papapietro has willfully abandoned this case.

The fifth *Poulis* factor is the effectiveness of alternate sanctions. Dismissal is a sanction of last resort, and it is incumbent upon a court to explore the effectiveness of lesser sanctions before ordering dismissal. *Poulis*, 747 F.2d at 868. Here, Papapietro is proceeding pro se, and there is no evidence to support a reasonable inference that he would be able to pay monetary sanctions. Therefore, monetary sanctions, including attorney's fees and costs, would not be an effective sanction in this case. Further, Papapietro's failure to prosecute this action even in the face of an order to show cause leads to an inference that further orders would not be effective. Thus, no sanction short of dismissal would be effective here.

The sixth and final *Poulis* factor is the meritoriousness of the claim.  In this inquiry, a claim will be deemed meritorious when the allegations of the complaint, if established at trial, would support recovery. *Poulis*, 747 F.2d at 870.

Here, the Bank of New York Mellon has filed a motion to dismiss with strong arguments in support of dismissal.  First, the Bank of New York Mellon asserts Papapietro failed to state a RESPA claim upon which relief can be granted because he failed to allege that the Bank of New York Mellon was a servicer of the loan under 12 U.S.C. § 2605(b) and (c). *Doc. 82* at 4–5.  The Bank of New York Mellon argues that it was never a servicer and that it simply commenced a foreclosure action "by and through its attorney-in-fact, Ocwen" when Papapietro defaulted on the loan. *Id.* at 2.

RESPA is "a consumer protection statute that regulates the real estate settlement process" and generally imposes "notice and reporting requirements" on loan servicers. *Jones v. ABN AMRO Mortg. Grp., Inc.*, 606 F.3d 119, 124 (3d Cir. 2010).  "A loan 'servicer' under RESPA is 'the person responsible for servicing of a loan . . . .'" *Id.*  And "[t]he term 'servicing' is defined to mean 'receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan.'" *Id.*  The provisions of 12 U.S.C. § 2605 only apply to

mortgage loan servicers. *See* 12 U.S.C. § 2605(b) ("Each servicer of any federally related mortgage loan shall notify . . . "); *see also Jones*, 606 F.3d at 123–25.

In his amended complaint, Papapietro does not allege that the Bank of New York Mellon was a loan servicer. *See generally doc. 78.* He only alleges that, on September 1, 2011, Ocwen Loan Servicing Company "began servicing the loan" and, at some point, transferred the loan to the Bank of New York Mellon. *Id.* at 2. Thus, he fails to state a meritorious claim under 12 U.S.C. § 2605(b) and (c).

The Bank of New York Mellon also argues that Papapietro has failed to "follow this [c]ourt's [o]rder and the Federal Rules of Civil Procedure" because Papapietro brought several claims that were outside the scope of this court's order granting him leave to amend. *Doc. 82* at 2. We gave Papapietro leave to amend only as to the RESPA claim based on the assignment of the mortgage <u>from the Bank of New York Mellon to the U.S. Bank</u> (*see doc. 77*), not as to the assignment of the mortgage <u>from Ocwen Loan Servicing Company to the Bank of New York Mellon</u>. Yet Papapietro does not mention the U.S. Bank at all in his amended complaint and instead, among other unrelated claims, focuses on the transfer of assignment from Ocwen Loan Servicing Company to the Bank of New York Mellon. *Id.* at 2–3. Thus, Papapietro was not given leave to amend these claims.

In sum, the *Poulis* factors weigh in favor of dismissal. Therefore, we will dismiss the case pursuant to Fed. R. Civ. P. 41(b). And in light of that dismissal,

15

we will dismiss the pending motion to dismiss as moot. *See Propst v. Williamsport, PA*, No. 4:23-CV-1311, 2024 WL 3330581, at *1 (M.D. Pa. July 8, 2024) (dismissing action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and dismissing pending motion to dismiss as moot); *Nelson v. Scott*, No. 1:23-CV-01852, 2024 WL 3046721, at *2 (M.D. Pa. June 18, 2024) (same).

## V. Conclusion.

Based on the foregoing, we will dismiss this case pursuant to Fed. R. Civ. P. 41(b) and dismiss the pending motion to dismiss as moot.  An appropriate order follows.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge

16